■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GONZALEZ, Appellant.

Although the People's case rested entirely upon circumstantial evidence, it is clear from the record that the hypothesis of guilt flowed naturally from the facts proven and excluded to a moral certainty every conclusion other than guilt *(see, People v Kennedy,* 47 NY2d 196, *rearg dismissed* 48 NY2d 635). Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

There was no abuse of discretion in the trial court's denial of the defendant's motion for a mistrial, which was predicated upon the jury's inability to reach a verdict on only the second day of its deliberations, especially in view of the fact that much of the jury's time was taken up by the rereading of testimony and the court's answering of certain questions. Furthermore, the supplemental instructions delivered by the

court after the jury had reported it was deadlocked were neutral and noncoercive *(see, People v Adorno,* 124 AD2d 588, *lv denied* 69 NY2d 708; *People v Curtin,* 115 AD2d 753, *lv denied* 67 NY2d 760).

We have examined the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.