■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN LEHRMAN, Also Known as A.L. GARY, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered February 23, 1988, convicting him of criminal sale of a controlled substance in

the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

By affidavit dated January 18, 1988, before the sentence was imposed but 45 days after pronouncement of the guilty verdict and the polling of the individual jurors, juror No. 11 asserted that while sequestered in a motel following a day of jury deliberations where she had taken the "minority" position that the defendant was not guilty, the juror with whom she had been instructed to share a hotel room indicated that she "was not pleased" with the affiant's view of the case and proceeded to discuss the facts. Juror No. 11 further attested that her roommate "threatened" that it would be her fault if a verdict was not reached the following day, a Friday, thus requiring sequestration over the weekend. Juror No. 11 claimed that the following day she changed her vote to guilty because of the "pressure" exerted by her roommate the night before. There is no indication that juror No. 11 was a lone "hold-out".

After submission by juror No. 11 of the foregoing affidavit on the asserted ground that she felt "terrible" that she had been "bullied" by her roommate, the defendant moved pursuant to CPL 330.30 (2) to set aside the verdict. We conclude that the trial court's denial of that motion was proper.

It is the rule in this State that, with rare exception *(cf., People v Rukaj,* 123 AD2d 277; *People v Lavender,* 117 AD2d 253), a jury verdict may not be impeached "by proof of the tenor of its deliberations" *(People v Brown,* 48 NY2d 388, 393). This is not a case where the jury has been improperly influenced by matters going beyond the scope of the trial evidence, such as unauthorized comments by court personnel *(see, Parker v Gladden,* 385 US 363) or where the jurors themselves become unsworn witnesses against the accused *(see, People v Brown,* 48 NY2d 388, *supra; People v De Lucia,* 20 NY2d 275; *People v Edgerton,* 115 AD2d 257). While the roommate juror may have violated the requirement that jurors deliberate together *(see,* CPL 310.10), not every misstep by a juror requires reversal *(People v Brown, supra,* at 394). Rather, it appears that this is a case of juror afterthought *(cf., People v Lavender,* 117 AD2d 253, 256, *supra)* and the defendant failed to demonstrate that the alleged misconduct impaired his right to a fair trial *(see, People v Horney,* 112 AD2d 841).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.