■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KELTON THOMAS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Appelman, J.) dated August 17, 1989, which granted the defendant's motion under CPL 330.30 (2) to set aside a jury verdict finding him guilty of sodomy in the first degree and sexual abuse in the third degree.

Ordered that the order is reversed, on the law, the verdict is reinstated and the case is remitted to the Supreme Court, Queens County, for the imposition of sentence.

As a general rule, a jury verdict may not be impeached "by

proof of the tenor of its deliberations" *(People v Brown,* 48 NY2d 388, 393; *People v Lehrman,* 155 AD2d 693). The defendant's motion papers, supported only by hearsay allegations as to what one of the jurors purportedly told the affiants, for the most part centered on matters that went to the heart of the jury's deliberative process and reasoning. There was no showing that the jury was improperly influenced by matters going beyond the scope of the trial evidence *(see, People v Lehrman, supra),* nor was there any showing of any other improper outside influences *(see, People v Maddox,* 139 AD2d 597; *see also, People v Paz,* 159 AD2d 987; *People v Washington,* 158 AD2d 980; *People v Hentley,* 155 AD2d 392). Accordingly, the court erred in granting the defendant's motion to set aside the jury verdict.

Moreover, we note that to the extent that the court granted the defendant's motion on the basis that the People had requested a second calendar call of the hearing to be held on the motion, this was error. There is nothing in the language of CPL 330.30 which empowers a court to set aside a jury verdict for reasons of calendar control. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.