*1024
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant claims that the trial court violated CPL 310.10 by permitting one or more jurors to attend church services during the lunch recess after the trial had entered the deliberations phase. When trial counsel learned what occurred, she moved for a mistrial, raising two objections: that she should have been consulted beforehand and that the jurors’ request should have been in writing. The court denied the motion, defendant was convicted, and the Appellate Division affirmed.
 

 CPL 310.10 provides that once deliberations have commenced, the jury "must be continuously kept together under the supervision of a court officer or court officers.” Under the predecessor statute,
 
 *
 
 we held that the court has discretion to permit separation of jurors so long as the jurors remain supervised
 
 (see, People v Dunbar Contr. Co.,
 
 215 NY 416, 426 [Cardozo, J.]). We see no reason to construe the present statute differently, inasmuch as it is similar insofar as relevant here and no legislative intent to overrule our construction of the prior statute has been called to our attention.
 

 Defendant argues that the "supervision” requirement was violated. We agree with the Appellate Division, however, that in the absence of evidence, or even an allegation, that the churchgoing jurors were unsupervised, defendant has failed to sustain his burden of demonstrating a violation of CPL 310.10.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
 

 Order affirmed in a memorandum.
 

 *
 

 Code of Criminal Procedure § 421 provided: "After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring,
 
 one or more officers must be sworn, to keep them together in some private and convenient place,
 
 and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court.” (Emphasis added.)