■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM REYNOLDS, Appellant. [605 NYS2d 336] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered March 25, 1991, convicting him of burglary in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In reliance on *People v Antommarchi* (80 NY2d 247), the defendant argues that he was deprived of his right to be present during a material stage of the trial when the court conducted sidebar conferences, outside of his presence, with prospective jurors with respect to their ability to be unbiased and impartial. This argument must be rejected. In *People v Mitchell* (80 NY2d 519), the Court of Appeals held that the *Antommarchi* rule was to be given only prospective application, i.e., it was to be applied "only to those cases in which jury selection occurred after October 27, 1992, the date *People v Antommarchi* was decided" *(People v Mitchell, supra,* at 528-529). Since jury selection in this case occurred prior to October 27, 1992, the defendant's argument must be rejected.

The trial court properly denied the defendant's motion to set aside the verdict based on alleged juror misconduct. There was no showing that the jury was improperly influenced by matters going beyond the scope of the trial evidence *(see, People v Brown,* 48 NY2d 388, 393; *People v Lehrman,* 155 AD2d 693; *People v Thomas,* 170 AD2d 549), nor was there any showing of any other improper outside influences *(see, People v Thomas, supra; People v Maddox,* 139 AD2d 597). Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.