■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL LOPEZ, Appellant. [614 NYS2d 166] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 3, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's claim of a violation of his statutory and constitutional right to be present during a sidebar between the court, the prosecutor, defense counsel, and a prospective juror concerning the possible disqualification of that prospective juror if he had heard the content of a prior conversation in the hallway between the prosecutor and defense counsel. Jury selection in this case occurred prior to both April 17, 1992, and October 27, 1992, and therefore the holdings in *People v Sloan* (79 NY2d 386, 390) and *People v Antommarchi* (80 NY2d 247, 250) are not applicable *(see, People v Mitchell,* 80 NY2d 519, 525, 528-529; *People v Reynolds,* 199 AD2d 431; *People v Hannigan,* 193 AD2d 8, 14). In any event, given the defendant's presence during the initial questioning of the venire, his representation by counsel during the sidebar, the limited nature and scope of the inquiry directed toward the prospective juror, and the fact that the juror remained on the panel without objection, there was no statutory or constitutional violation *(see, People v Torres,* 80 NY2d 944, 945; *People v Velasco,* 77 NY2d 469, 472-473).

The Supreme Court properly exercised its discretion in making its *Sandoval* ruling that the prosecutor could inquire about the defendant having been on work release at the time of the crime *(see, People v Sandoval,* 34 NY2d 371, 376). We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review (CPL 470.05 [2]) or without merit *(see, People v Suitte,* 90 AD2d 80, 85-86). Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.