■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD MOORE, Appellant. [632 NYS2d 130] —Appeal from judgment, Supreme Court, New York County (Michael Corriero, J.), rendered October 28, 1991, convicting defendant, after jury trial, of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), and one count each of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), robbery in the first degree (Penal Law § 160.15 [2]), criminal possession of a weapon in the second degree (Penal Law § 265.03), criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), and assault in the first degree (Penal Law § 120.10 [1]), and sentencing him to concurrent terms of 25 years to life for the murder convictions, a consecutive sentence of $8^{1}/_3$ to 25 years for the attempted murder, and lesser concurrent sentences for the other counts, unanimously held in abeyance, and the matter is remanded to the trial court for the purpose of conducting a hearing in accordance herewith.

The People's evidence indicates that defendant, having earlier staked out a drug-selling operation in a Washington Heights apartment, returned with three other individuals to commit robbery and thereafter murdered, execution-style, one of the drug dealers and acted as an accomplice in the attempted execution-style murder of the other drug dealer present in the apartment.

After summations, and following the first afternoon of jury deliberations, the court dismissed the jurors for a dinner break and stated: "We will break now for dinner. Enjoy your dinner, *and the alternates will accompany you to dinner.* When you come back you will continue your deliberations. Have a good dinner." (Emphasis added.)

Defendant, seizing on the foregoing pronouncement, maintains that the court committed per se reversible error by allegedly allowing the jurors and alternates to dine together and comingle.

CPL 270.30 (1) states, in pertinent part: "After the jury has retired to deliberate, the court must either (1) with the consent of the defendant and the people, discharge the alternate jurors or (2) direct the alternate jurors not to discuss the case and must further direct that they be kept separate and apart from the regular jurors."

CPL 310.10 (1) states, *inter alia*: "Following the court's charge * * * the jury must retire to deliberate upon its verdict in a place outside the courtroom. It must be provided with suitable accommodations therefor and must * * * be continuously kept together".

We note initially that in the absence of "substantial evidence" to the contrary, there is a presumption of regularity in criminal proceedings (*People v Harris*, 61 NY2d 9, 16; *People v Diaz*, 212 AD2d 412), and that the burden of demonstrating violations of the statutes rests squarely with the defendant (*People v Fernandez*, 81 NY2d 1023).

There is no dispute, however, that if the jurors and alternates dined together, as defendant speculates, such situation would constitute per se reversible error (*People v Santana*, 163 AD2d 495, 496, *affd* 78 NY2d 1027; *People v Rahman*, 208 AD2d 775, *lv granted* 84 NY2d 1037). The record, however, is unclear on this point and, as a result, we remand this matter to the trial court for a reconstruction hearing to determine the issue (*see, People v Goros*, 217 AD2d 665). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.