■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY JOHNSON, Appellant. [639 NYS2d 407] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered November 12, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court coerced the jurors to reach a unanimous verdict by forcing them to continue their deliberations until they agreed. It is well established that the determination as to how long disagreeing jurors will be kept together and required to continue their deliberations is a matter of sound judicial discretion which, if not improvidently exercised, will not be disturbed (*People v Sheldon,* 136 AD2d 761, 764). In this case, the court did not improvidently exercise its discretion. Additionally, the *Allen* charge delivered by the trial court was a balanced instruction stressing the jurors' duty to impartially consider the evidence and try to reach an agreement without surrendering their individual views (*see, People v Ali,* 47 NY2d 920). The defendant's claim that the court violated CPL 310.10 when it instructed the jurors to continue with their deliberations while it spoke to juror number eight for a few minutes is unpreserved for appellate review (*see,* CPL 470.05). In any event, under the circumstances of this case, there was no violation of the statutory mandate that the jurors "be continuously kept together" (CPL 310.10; *see, People v Fernandez,* 183 AD2d 605, 606, *affd* 81 NY2d 1023; *People v Lee,* 205 AD2d 558).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Joy, Altman and Florio, JJ., concur.