■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN LITWA, Appellant. [646 NYS2d 329] —Appeal from the judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered September 6, 1990, convicting defendant, after a jury trial, of arson in the third degree, and sentencing him to a prison term of from 4 to 12 years, is held in abeyance, and the matter is remitted for a reconstruction hearing in accordance with the following.

It must first be noted that defense counsel objected and informed the Judge that the deliberating and alternate jurors were communicating in the courtroom, and were, in fact, purportedly having conversations. As a result, the mandate of *People v Agramonte* (87 NY2d 765) is satisfied and the issue is preserved. We do not read *Agramonte*, as the dissent does, to impose upon defendant an obligation to seek further relief in the form of "a hearing or other amplification of the record", as all that *Agramonte* requires is a timely objection, which was made herein.

The court deferred defense counsel's request that the alternate jurors be excused until after lunch was delivered. In the interim, however, the jury sent a note requesting further instructions and a readback of testimony. After this request was complied with, the jury, while still in the courtroom, sent another note requesting to hear further testimony. When the court reporter retrieved her notes, defense counsel advised the court that she had seen the deliberating jurors and the alternate jurors communicating in the courtroom. The court advised the jurors not to speak further. Defense counsel, however, asserted that it could not be ascertained whether the last note received from the jury, which was written by the forelady, was upon the request of solely the deliberating jurors or whether it was sent at the request of the alternates as well. The Judge, however, found that there had been no participation by the alternates since he had seen the forelady write the note. After the readback, the jury returned to deliberate and the alternates were excused.

CPL 310.10 prohibits anyone, including alternate jurors, from communicating with deliberating jurors. Pursuant to CPL 270.30, after the jury has retired to deliberate, the court must either (1) with the consent of the defendant and the People, discharge the alternate jurors or (2) direct the alternate jurors not to discuss the case and must further direct that they be kept separate and apart form the regular jurors. The rule is to be strictly construed and reversal is warranted when the "separate and apart" rule is violated (*see, People v Santana,*

163 AD2d 495, 496-497, *affd* 78 NY2d 1027; *People v Moore*, 220 AD2d 285). However, in the instant case, all the jurors were in court under the supervision of the Judge and the record is unclear not only as to the nature of the communication but as to whether or not such communication actually took place. Accordingly, the matter is remitted to the trial court for a reconstruction hearing to determine the issue (*People v Moore, supra*). Concur—Rosenberger, J. P., Wallach and Tom, JJ.

Nardelli and Williams, JJ., dissent in a memorandum by Nardelli, J., as follows: The defendant contends that the trial court's failure to separate the alternate jurors from the deliberating jurors resulted in an unauthorized courtroom communication between them in violation of CPL 270.30 and 310.10 that tainted the deliberations and thereby deprived him of a fair trial.

The jury was sent to deliberate and the court said it would retain the alternates "for a while", since "their lunch will be coming in" and the defendant might "have a change of heart" and consent to replacing a deliberating juror with an alternate if the need arose. Thereafter, the jury sent its first note requesting the elements of the three arson charges timed at 12:15 P.M., and a second note timed 2:20 P.M. seeking the readback of certain testimony. The jurors, including the alternates, remained in the courtroom while the court reporter got her notes for that witness. While this testimony was read to the jury, a third note timed at 2:40 P.M. requested further testimony. While the reporter went to retrieve these notes, the defendant's counsel told the court in a sidebar: "Judge, I see a problem in that the regular seated deliberating jurors are communicating with the alternates in the Courtroom. I mean, they are talking together and amongst themselves. I object to that. I think it is a substantial problem. It could possible invect [sic] their deliberations with prejudice". The court immediately gave the jury an instruction not to speak to the alternates, but did not affirmatively agree with counsel that any such conversation had taken place. When the defendant's counsel then complained that she did not know whether the last note was from the deliberating jurors or "was also with the participation of the alternates", the court categorically stated, "There has been *no* participation by the alternates" (emphasis added). The court noted that it saw the forelady write the note in the courtroom but had not seen any request from anyone. The court rejected counsel's speculation that the request had come from the alternates. When defendant's counsel noted her belief that "[i]t may be that the alternates are having input in

this jury's deliberations," the court again categorically stated, "No, *they are not*" (emphasis added).

CPL 270.30 (1) states in pertinent part: "After the jury has retired to deliberate, the court must either (1) with the consent of the defendant and the people, discharge the alternate jurors or (2) direct the alternate jurors not to discuss the case and must further direct that they be kept separate and apart from the regular jurors."

CPL 310.10 (1) states in pertinent part: "Following the court's charge * * * the jury must retire to deliberate upon its verdict in a place outside the courtroom. It must be provided with suitable accommodations therefor and must * * * be continuously kept together under the supervision of a court officer or court officers."

The allegation by defense counsel that there was conversation between the alternates and the regular jurors is unsupported by the record. As noted, *supra*, the alleged conversation would have taken place in the open courtroom in the presence of the Judge. It is telling that the court, while it gave an instruction to the alternates and jurors not to converse after the complaint, gave no credence to defendant's complaint. Instead, it specifically stated that there was *no* participation by the alternates in the formulation of the last note from the jury and *no* input by the alternates in the deliberations of the jury.

In the absence of "substantial evidence" to the contrary, there is a presumption of regularity in criminal proceedings (*People v Harris*, 61 NY2d 9, 16). The burden of demonstrating a violation of CPL 310.10 and 270.30 rests upon the defendant (*People v Fernandez*, 81 NY2d 1023, 1024). Surmise and conjecture are insufficient to meet the defendant's burden. This is true in this case where defendant has failed not only to overcome the presumption of regularity to warrant reversal, but also has failed to establish a sufficient showing to warrant a reconstruction hearing. For such a hearing, there must be language or action, which, on its face, violates the statute (*see, People v Moore*, 220 AD2d 285, 286 [where matter remanded for reconstruction hearing where the court said, " 'Enjoy your dinner, *and the alternates will accompany you to dinner*' " (emphasis added), and we found record "unclear on this point"]; *People v Goros*, 217 AD2d 665 [where record "unclear" as to whether regular and alternate jurors ate lunch together while jury deliberating]).

Once the assertion that there was communication was denied by the court, it was incumbent upon the defendant to seek further relief, i.e., a hearing or other amplification of the record,

to preserve any objection that there had been a "deviation" from CPL 270.30. "Deviations from CPL 270.30 must therefore be preserved to present a question of law. To the extent that our affirmance in *[People v Santana*, 78 NY2d 1027] suggests otherwise, it should no longer be followed" (*People v Agramonte*, 87 NY2d 765, 771). In the absence of substantial evidence that the alternates had participated in the deliberations, or even *had* conversed with the regular jury, defendant failed to sustain his burden of demonstrating a violation of CPL 270.30 or 310.10 (*People v Fernandez, supra*, at 1024; *People v Kinchen*, 60 NY2d 772, 773-774; *People v Colon*, 211 AD2d 575, *lv denied* 85 NY2d 971 ["the record is insufficient to evaluate defendant's claim that there is 'every possibility' that the confidentiality of the jury deliberations was violated"]).

Accordingly, the judgment of the Supreme Court, Bronx County (Fred Eggert, J.), rendered September 6, 1990, convicting defendant, after a trial by jury, of arson in the third degree and sentencing him to a term of 4 to 12 years, should be affirmed.