■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY ANDERSON, Appellant. [671 NYS2d 149] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered May 20, 1996, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in denying his motion to set aside the verdict, *inter alia*, on the ground of juror misconduct during deliberations. Absent special circumstances, testimony of jurors regarding the tenor of the jury's deliberations is not ordinarily competent to impeach a duly rendered verdict (*see, People v Brown*, 48 NY2d 388, 393; *People v Smalls*, 112 AD2d 173, 175). However, a verdict may be impeached upon a showing of improper influence (*see, People v Brown, supra*). Here, the defendant attempted to show that some jurors pressured and prevailed upon two other jurors in order to prevent further deliberations and a third night of

sequestration. Thus, the defendant does not raise an issue of improper influence, but rather seeks to impeach the verdict by delving into the tenor of the jury's deliberative process. Furthermore, the alleged behavior of the other jurors was not brought to the court's attention until after the verdict was accepted and the jurors discharged (*cf., People v Lavender,* 117 AD2d 253). Under these circumstances, it was a proper exercise of the court's discretion to deny the defendant's motion to set aside the verdict on this ground (*see, People v McKenzie,* 173 AD2d 493).

Furthermore, the court did not improvidently exercise its discretion when it instructed the jury to continue deliberations. Although the jury deliberated for three days and sent at least three deadlock notes, there were various requests for readbacks (*see, People v Gonzalez,* 140 AD2d 369, 370) and deliberations had to begin anew on the second day of deliberations when a juror was replaced by an alternate juror. Additionally, while the jury may have violated the requirement that they deliberate together (*see,* CPL 310.10), this conduct does not mandate that the verdict be set aside (*see, People v Johnson,* 224 AD2d 635; *People v Lehrman,* 155 AD2d 693). Thus, the defendant was not denied his right to a fair trial.

The defendant's sentence was not excessive.

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. O'Brien, J. P., Thompson and Joy, JJ., concur.

Ritter, J., dissents and votes to hold the appeal in abeyance and remit the matter to the Supreme Court, Kings County, for a hearing to determine the defendant's motion pursuant to CPL 330.30 to set aside the verdict on the ground of juror misconduct, with the following memorandum: Because I believe that the Supreme Court erred in denying, without a hearing, the defendant's motion pursuant to CPL 330.30 to set aside the verdict on the ground of juror misconduct, I respectfully dissent.

The defendant's conviction arose from deliberations that included multiple declarations of deadlock, the rendering of two verdicts of guilt which were not accepted by the court (during the first of which Juror No. 11, when polled, repeatedly refused to state whether the verdict was hers and, when pressed, stated "I don't know"), and the excusing of an angry and disgruntled juror and the recommencement of deliberations with an alternate juror. As noted by the majority, a duly rendered verdict may not, with rare exception, be impeached by proof of the tenor of the jury's deliberations (*see, People v*

*Brown,* 48 NY2d 388; *People v De Lucia,* 20 NY2d 275; *People v Smalls,* 112 AD2d 173). Here, however, the record implicates issues beyond the mere tenor of the deliberations that should not have been summarily resolved.

In support of his motion pursuant to CPL 330.30 to set aside the verdict, the defendant submitted sworn allegations made by Juror No. 11 as to various events that occurred during deliberations. Juror No. 11 averred that, although she had been holding out for an acquittal, she felt not just intimidated, but "threatened for [her] life" during deliberations when, *inter alia,* a fellow juror tried to physically assault her and had to be removed from the jury room by three court officers. Juror No. 11 also averred that during the removed juror's absence, the jury continued to deliberate. It is not disputed that neither the court nor counsel were timely notified of these events.

Pursuant to CPL 310.10 (1), the jury, once charged, must be "continuously kept together under the supervision of a court officer or court officers". Thus, once deliberations have commenced, it has been held error to allow a jury to continue to deliberate in the absence of any member (*see, People v Scott,* 182 AD2d 649) or for any member to be unsupervised (*see, People v Fernandez,* 81 NY2d 1023; *People v Coons,* 75 NY2d 796). However, not every misstep by the jury requires a reversal of the judgment (*see, People v Brown,* 48 NY2d 388, *supra; People v Lehrman,* 155 AD2d 693). Various de minimis separations and ones brought about by the simple practicalities of the deliberative process have been excused (*see, People v Fernandez,* 81 NY2d 1023, *supra; People v Dunbar Contr. Co.,* 215 NY 416; *People v Johnson,* 224 AD2d 635, *supra; People v Lee,* 205 AD2d 558). Rather, the claimed error must have impaired the defendant's right to a fair trial (*see, People v Brown,* 48 NY2d 388, *supra; People v Dunbar Contr. Co.,* 215 NY 416, 426, *supra; People v Lehrman,* 155 AD2d 693, *supra*). Here, given, *inter alia,* the sworn allegations made by Juror No. 11, the trial court should not have summarily determined that the defendant's right to a fair trial was not impaired.

Further, although verdicts resulting from even tumultuous and raucous deliberations have been upheld (*see, e.g., People v Jacobson,* 109 Misc 2d 204, *affd* 89 AD2d 826) and, in general, verdicts will be set aside only if they are the result of extraneous or outside influences affecting the deliberative process (*see, People v Brown, supra; People v De Lucia, supra; People v Lehrman,* 155 AD2d 693, *supra*), there is a distinction to be drawn between tumultuous and/or raucous deliberations and the presence of coercion based on a genuine perceived threat of

physical violence by one juror against another (*see, People v Lavender,* 117 AD2d 253, 256). Here, given, *inter alia,* the sworn allegations made by Juror No. 11, the trial court should not have summarily determined that coercion was not present.

Further, although Juror No. 11 did not communicate her concerns to the court before the final verdict was rendered (during the polling of which she hesitated and wept openly), her allegations do not suffer from the infirmities normally associated with "afterthoughts" (*see, e.g., People v Lehrman,* 155 AD2d 693, *supra; People v Lavender,* 117 AD2d 253, 256, *supra*). There were signs during the deliberative process that discord was afoot (*cf., People v Pickett,* 61 NY2d 773), and Juror No. 11 approached counsel directly after she was discharged. In addition, Juror No. 11 averred that the jury had refused to forward notes expressing her concerns to the court during the deliberations (*cf., People v Rukaj,* 123 AD2d 277; *People v Lavender,* 117 AD2d 253, *supra*). In sum, the court should not have summarily determined that jury misconduct did not impair the defendant's right to a fair trial (*see, People v Lavender,* 117 AD2d 253, *supra; People v Horney,* 112 AD2d 841). Accordingly, the appeal should be held in abeyance and the matter should be remitted to the Supreme Court, Kings County, for a hearing to determine the defendant's motion pursuant to CPL 330.30 to set aside the verdict on the ground of juror misconduct.