■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO MARQUEZ, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Fisher, J.), both rendered June 11, 1990, convicting him of burglary in the second degree under Indictment No. 4058/89, and attempted burglary in the second degree under Indictment No. 4078/89, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Approximately one week after the jury rendered its verdicts in this case, the defendant moved to set aside those verdicts on the ground that a juror had consulted a map which was not in evidence. After a hearing on the defendant's claim, the trial court denied the defendant's motion.

Under the circumstances of this case, it cannot be said that

the trial court's denial of the defendant's motion was an improvident exercise of discretion. Since the defendant failed to establish, at the hearing, that the map was even used by any of the jurors in reaching their verdict, we find that he likewise failed to establish, by a preponderance of the evidence, the likelihood that he suffered any prejudice as a result of juror conduct. As such, the defendant's motion to set aside the verdict was properly denied (see, CPL 330.40 [2] [g]; People v Brown, 48 NY2d 388; Desmond v Nassau Hosp., 157 AD2d 828).

We have considered the defendant's remaining contention and find that it is without merit. Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.