OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant and two codefendants were convicted after a jury trial of multiple counts of murder and attempted murder. Following conviction, all three defendants moved to set aside the verdict on the ground that one of the jurors had been in regular contact with defendant’s potential alibi witness during the trial. The trial court denied their motions. On appeal, the Appellate Division reversed the convictions of the two codefendants (People v Timmons, 175 AD2d 10, lv dismissed 78 NY2d 975; People v Bolden, 175 AD2d 21, lv dismissed 78 NY2d 962), but affirmed defendant’s conviction (178 AD2d 303).
Under CPL 330.30 (2), a motion to set aside a verdict may be granted when it is shown that improper conduct by a juror "may have affected a substantial right of the defendant”. However, "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically” (People v Brown, 48 NY2d 388, 394). Each case must be examined on its unique facts to determine the nature of the misconduct and the likelihood that prejudice was engendered (id.).
Here, in reversing the convictions of the two codefendants, the Appellate Division found that "it [was] clear that [the juror] was the sole holdout” for defendant after the jury had decided to convict his two companions (People v Timmons, 175 AD2d 10, 12, supra). In the face of this record suggesting that defendant was, if anything, aided by whatever misconduct took place, defendant made no showing at his hearing of how the misconduct was inherently prejudicial to his substantial *915 rights.* The courts below correctly concluded that defendant did not meet his burden of proof (see, CPL 330.40 [2] [g]).
Defendant’s remaining claims are either without merit or unpreserved.

 Notwithstanding statements in the dissent, we find no evidence in the record that the witness "declined” to testify or that the juror had knowledge of any "decision [by the witness] not to testify” (dissenting mem, at 917). On the contrary, defendant did not establish any reason for her absence from trial. But more importantly, defendant failed to establish what the juror believed about the witness’ absence that made the juror unable to decide Ms case impartially.