■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO CEPEDA, Appellant. [674 NYS2d 68] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered September 5, 1995, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and a new trial is ordered.

Approximately three weeks after the jury rendered its verdict in this case, the defendant moved to set aside the verdict on the ground that a number of jurors had consulted a map of the area of the crime scene which had not been admitted into evidence. After a hearing on the defendant's claim, in which all twelve jurors testified, the trial court denied the defendant's motion.

Under the circumstances of this case, the trial court's denial

of the defendant's motion was an improvident exercise of discretion. Since the defendant established at the hearing that the map was brought into the jury room during deliberations and that some of the jurors looked at the map to piece together the activity of the defendant as well as the travel time and distances between certain locations, we find that he established, by a preponderance of the evidence, the likelihood that he suffered prejudice as a result of the jurors' conduct. Accordingly, the defendant's motion to set aside the verdict was improperly denied (*see,* CPL 330.30 [2]; *People v Brown,* 48 NY2d 388; *cf., People v Marquez,* 188 AD2d 619).

In light of our determination, we do not reach the defendant's remaining contention. Mangano, P. J., Rosenblatt, Ritter and Krausman, JJ., concur.