■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GRIFFITH BROWNE, Appellant. [763 NYS2d 695] —Peters, J. Ap-
peal from a judgment of the Supreme Court (Lamont, J.),
rendered December 8, 2000 in Albany County, upon a verdict
convicting defendant of the crime of manslaughter in the first
degree.

Defendant and Andrick Nesbeth were indicted on numerous
charges stemming from the beating death of Lamont Thomas
in the City of Albany in July 1999. Following a severance, de-
fendant was convicted of manslaughter in the first degree.
Defendant's posttrial motions to set aside the verdict were
denied and he was sentenced to a prison term of 17½ years.
This appeal followed.

Initially, we reject defendant's challenge to the legal suffi-
ciency of the evidence supporting his conviction. The testimony
of the prosecution's key witness, Percy Smith, established that,
on July 10, 1999, defendant, an admitted drug dealer, had
threatened to "take care of" the person who had stolen his
drugs. The next day Smith heard defendant, Nesbeth and a
third person plan to "get" Thomas that night, saw them enter
Thomas's building and subsequently heard moaning coming
from Thomas's apartment. Later that night, Nesbeth told
Smith that they had "f* * *ed [Thomas] up." Thomas was
found badly beaten in his apartment and died four days later
as a result of head injuries he suffered in the attack. Defen-
dant's written statement to authorities which described his
limited involvement in the beating was admitted on the
People's direct case, but repudiated by him at trial.

Viewing the evidence in the light most favorable to the pros-
ecution (*see People v Taylor*, 94 NY2d 910, 911 [2000]; *People v
Contes*, 60 NY2d 620, 621 [1983]), a jury could rationally
conclude that defendant intended to cause serious physical
injury to Thomas, that he acted either as a principal or an ac-
complice in inflicting serious physical injuries and that Thomas

died as a result of those injuries (*see* Penal Law §§ 20.00, 125.20 [1]; *People v Lewis*, 300 AD2d 827, 828 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Owens*, 251 AD2d 898, 899 [1998], *lv denied* 92 NY2d 951 [1998]; *compare People v Stevens*, 153 AD2d 768, 769 [1989], *affd* 76 NY2d 833 [1990]). Viewing this evidence in a neutral light (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), balanced against defendant's denial of any involvement and the alibi provided by his fiancée, we conclude that the jury's verdict was not against the weight of the evidence (*see People v Lewis, supra* at 829; *People v Reynolds*, 269 AD2d 735, 736 [2000], *lv denied* 95 NY2d 838 [2000], *cert denied* 531 US 945 [2000]).

Nor do we find merit in defendant's contention that the verdict should have been set aside due to juror misconduct. While CPL 330.30 (2) provides that a verdict may be set aside upon a showing that a juror's improper conduct has "affected a substantial right of the defendant" (*see People v Clark*, 81 NY2d 913, 914 [1993]), "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required" (*People v Brown*, 48 NY2d 388, 394 [1979]).

Upon reviewing each instance of juror misconduct to determine whether defendant was prejudiced (*see People v Irizarry*, 83 NY2d 557, 561 [1994]; *People v Leonard*, 252 AD2d 740, 741 [1998], *lv denied* 92 NY2d 983 [1998]), we fail to find error. The allegation by juror No. 9 that several jurors threatened others into a compromise verdict is insufficient for its impeachment where, as here, the proffer is solely "proof of the tenor of its deliberations" (*People v Brown, supra* at 393; *see People v Maragh*, 94 NY2d 569, 573 [2000]; *People v Anderson*, 249 AD2d 405, 405-406 [1998], *lv denied* 92 NY2d 877 [1998]). Nor do we find prejudice by allegations that juror No. 12 had told juror No. 9, prior to the close of proof, that the case "was going to be an easy case" and that it would be "a good thing to get another drug dealer off the streets." While juror No. 12 admitted to having characterized the case as "easy," juror No. 9's testimony, that she had wholly disregarded these comments, supports Supreme Court's finding (*see People v Cilberg*, 255 AD2d 698, 700 [1998], *lv denied* 93 NY2d 968 [1999]; *People v Leonard, supra* at 741). Finally, we address the admission by juror No. 12 that he and another juror left the hotel where they were sequestered, went to a nearby bar and had several drinks. Testimony revealed that while they were socializing, they did not discuss the case and that their deliberations on the following day were unaffected by the alcohol consumption (*see People v Augustine*, 235 AD2d 915,

916, 920-921 [1997], *appeal dismissed* 89 NY2d 1072 [1997], *lv denied* 89 NY2d 1088 [1997]; *People v Sledge*, 223 AD2d 922, 926 [1996], *lv denied* 88 NY2d 854 [1996]).

Defendant's remaining contentions, including his claim that his sentence was harsh and excessive and that the verdict was repugnant, are either unpreserved or have been considered and rejected as unavailing.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.