■ The People of the State of New York, Appellant, v Ralph Romano, Respondent. [778 NYS2d 517]—

Appeal by the People from an order of the Supreme Court, Queens County (Cooperman, J.), dated April 24, 2003, which granted that branch of the defendant's motion pursuant to CPL

330.30 (2) which was to set aside the jury verdict on the ground of juror misconduct.

Ordered that the order is affirmed.

The defendant moved, inter alia, pursuant to CPL 330.30 (2) to set aside the jury verdict based on juror misconduct. The evidence established that the jurors and the alternate jurors discussed the trial testimony and credibility of the witnesses and the defendant's guilt or innocence before deliberations commenced. The evidence also demonstrated that some jurors and alternate jurors read and discussed newspaper articles about the case. Moreover, the evidence revealed improper communications between the jurors and the alternate jurors during deliberations (*see People v Litwa,* 230 AD2d 638 [1996]; *People v Marrero,* 83 AD2d 565 [1981]).

Contrary to the People's contention, the testimony at the hearing was not speculative. Rather, several jurors and an alternate juror testified about their participation in and direct observations of the misconduct. There is no basis to disturb the court's fact-findings and credibility determinations, which are entitled to great deference on appeal (*see People v Gordon,* 242 AD2d 640 [1997]). The court properly concluded that the cumulative effect of the misconduct "created a substantial risk of prejudice to the rights of the defendant" (*People v Brown,* 48 NY2d 388, 394 [1979]; *see People v Cepeda,* 251 AD2d 343 [1998]). Consequently, the court properly granted that branch of the defendant's motion which was to set aside the jury verdict (*see* CPL 330.30 [2]). Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.