■ The People of the State of New York, Respondent, v Johnnie McDonald, Appellant. [838 NYS2d 103]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 8, 2005, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A motion to set aside a verdict may be granted where it is shown by a preponderance of the evidence that improper conduct by a juror prejudiced a substantial right of the defendant (*see* CPL 330.30 [2]; 330.40 [2] [g]; *People v Irizarry*, 83 NY2d 557, 561 [1994]). At the fact-finding hearing, the defendant called, as his sole witness, juror No. 2, who testified that her opinion was not influenced by another juror, who indicated that the defendant was guilty, and the Supreme Court credited that testimony. That determination is entitled to great deference and, in any event, is supported by the record (*see People v Romano*, 8 AD3d 503, 504 [2004]; *People v Browne*, 307 AD2d 645, 646 [2003]; *People v Mack*, 224 AD2d 448, 449 [1996]). As the Supreme Court correctly found, there was no evidence presented suggesting that these comments were made to any other jurors.

Furthermore, neither juror No. 2 nor the defendant ever identified the juror who made these comments. The defendant did not call that juror to testify, and did not clearly identify whether such comments were made before or during deliberations. Therefore, he failed to satisfy his burden (*see* CPL 330.40 [2] [g]). Moreover, the fact that the jury acquitted the defendant of three counts in the indictment indicated that the unidentified juror had not predetermined the defendant's guilt (*see People v Browne, supra; People v Rhodes*, 92 AD2d 744, 745 [1983]). Accordingly, the Supreme Court properly denied the defendant's motion to set aside the verdict. Miller, J.P., Ritter, Covello and Balkin, JJ., concur.