■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM LEMAY, Appellant. [894 NYS2d 63]—

As a threshold matter, the defendant's legal sufficiency claim is unpreserved for appellate review, as the defendant failed to move to dismiss the indictment at the close of the People's case (*see People v Pinder,* 269 AD2d 547 [2000]). In any event, the

evidence was legally sufficient to prove the defendant's guilt beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the court erred in denying his motion pursuant to CPL 330.30 is without merit. Not every misstep by a juror rises to the inherently prejudicial level at which reversal is automatically required. Each case must be examined on its unique facts to determine the nature of the misconduct and the likelihood that prejudice was engendered (*see People v Rodriguez*, 100 NY2d 30 [2003]; *People v Clark*, 81 NY2d 913 [1993]). The defendant failed to show that improper conduct by a juror prejudiced any of his substantial rights (*see People v McDonald*, 40 AD3d 1125 [2007]). Absent a showing of prejudice to a substantial right, proof of juror misconduct does not entitle a defendant to a new trial (*see People v Rodriguez*, 100 NY2d 30 [2003]).

The defendant's contention that the court erred in denying his *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) because the prosecutor's explanation for exercising peremptory challenges with respect to two black jurors was a pretext for racial discrimination is unpreserved for appellate review (*see People v James*, 99 NY2d 264, 272 [2002]; *People v Jacobs*, 54 AD3d 969 [2008]; *People v Booker*, 49 AD3d 658, 659 [2008]) and, in any event, is without merit (*see People v Booker*, 49 AD3d at 659; *People v Thompson*, 34 AD3d 852, 853 [2006]).

In view of the seriousness of the charged crime, the defendant's criminal history, and his status as a second felony offender, the sentence imposed was not excessive (*see People v Brown*, 198 AD2d 424 [1993]; *People v Wilson*, 190 AD2d 835 [1993]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.