■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH GIARLETTA, Appellant. [898 NYS2d 639]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered April 16, 2008, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Pursuant to Criminal Procedure Law § 330.30 (2), a court may set aside a verdict based upon juror misconduct which, inter alia, "may have affected a substantial right of the defend-

ant." Here, at the hearing conducted on his motion to set aside the verdict, the defendant established by a preponderance of the evidence (*see* CPL 330.40 [2] [g]; *People v McDonald,* 40 AD3d 1125 [2007]) that juror number nine engaged in misconduct in direct contravention of the Supreme Court's instructions by communicating with her sister via text message and cell phone during the trial about particular information relating to the defendant's guilt or innocence, and sharing those communications with other jurors. Although "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically" (*People v Brown,* 48 NY2d 388, 394 [1979]), and each case must be "examined on its unique facts to determine the nature of the misconduct and the likelihood that prejudice was engendered" (*People v Clark,* 81 NY2d 913, 914 [1993]; *see People v Rodriguez,* 100 NY2d 30, 35 [2003]; *People v Lemay,* 69 AD3d 757 [2010]), the misconduct here created a significant risk that a substantial right of the defendant was prejudiced (*see People v Romano,* 8 AD3d 503, 504 [2004]; *People v Dashnau,* 187 AD2d 966, 967 [1992]; *People v Thomas,* 184 AD2d 1069 [1992]; *People v Magnano,* 175 AD2d 639 [1991]). Consequently, the judgment must be reversed and a new trial ordered. Fisher, J.P., Florio, Belen and Hall, JJ., concur.