THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MARSDEN, Appellant. [931 NYS2d 519]—

We agree with the defendant that the County Court improperly denied, without a hearing, the defendant's motion pursuant to CPL 330.30 (2) to set aside the verdict based upon allegations of juror misconduct. "Generally, a jury verdict may not be impeached by probes into the jury's deliberative process; however, a showing of improper influence provides a necessary and narrow exception to the general proposition" (*People v Maragh*, 94 NY2d 569, 573 [2000]; *see People v Brown*, 48 NY2d 388, 393 [1979]; *People v Davis*, 86 AD3d 59, 64 [2011], *lv denied*

17 NY3d 805 [2011]). "Improper influence includes even 'well-intentioned jury conduct which tends to put the jury in possession of evidence not introduced at trial' " (*People v Maragh*, 94 NY2d at 573, quoting *People v Brown*, 48 NY2d at 393). "Because juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*People v Brown*, 48 NY2d at 394; *see People v Maragh*, 94 NY2d at 573-574; *People v Davis*, 86 AD3d at 64-65).

Here, the defendant's motion was predicated upon, inter alia, an affidavit from juror number 8, averring that the other jurors had exerted verbal pressure upon her to render a verdict of guilty, that two jurors discussed outside information that they learned from a newspaper and online searches regarding the trial and its participants, and that one juror had conferred with his priest.

Juror number 8's claim that the other jurors exerted verbal pressure upon her to render a verdict of guilty went to the tenor of the deliberations, and did not constitute a basis to set aside the verdict (*see People v Anderson*, 249 AD2d 405, 406 [1998]; *People v McKenzie*, 173 AD2d 493, 494 [1991]). However, juror number 8's sworn allegations of outside influence prior to and during deliberations warrants a hearing (*see People v Irizarry*, 83 NY2d 557, 561 [1994]; *People v Richardson*, 173 AD2d 870 [1991]) to determine "the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*People v Testa*, 61 NY2d 1008, 1009 [1984]; *see People v Giarletta*, 72 AD3d 838 [2010]). Accordingly, we remit the matter to the County Court, Nassau County, to hear and report on the defendant's motion forthwith.

We decide no other issues at this time. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.