■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY CLARKE, Appellant. [934 NYS2d 239]—

As the defendant correctly contends, the County Court erred in permitting the introduction of evidence of the uncharged allegation of sexual abuse. Although evidence of uncharged crimes may be admitted to prove, inter alia, intent or absence of mistake (*see People v Dorm*, 12 NY3d 16, 19 [2009]), such evidence must be excluded if it has no additional relevance to a specific issue, because there is a very real danger that the trier of fact will overestimate its significance (*see People v Hudy*, 73 NY2d 40, 55 [1988]). Here, there was no reasonable possibility that the jury would infer that the defendant's acts of sexual abuse lacked intent such that it was necessary to prove an absence of mistake. Moreover, the defendant did not contest the element of intent or offer mistake as a defense, but, rather, denied that he had committed the acts of abuse (*see People v Gautier*, 148 AD2d 280, 286-287 [1989]; *People v Bagarozy*, 132 AD2d 225, 235-236 [1987]). Therefore, the probative value of the evidence of the uncharged act of sexual abuse was outweighed by its prejudicial effect, and the County Court's limiting instructions were untimely and insufficient to cure the prejudice caused by the erroneous admission of this evidence (*see People v Allen*, 85 AD3d 1042 [2011]; *People v Barbato*, 82 AD3d 1112 [2011]; *People v Wilkinson*, 71 AD3d 249, 256-257 [2010]). Furthermore, the County Court's error was not harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Accordingly, the judgment of conviction must be reversed and a new trial ordered.

In light of our determination, the defendant's remaining

contentions either are without merit or have been rendered academic. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.