■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO MORRISON, JR., Appellant. [941 NYS2d 521]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered June 4, 2010, convicting him of assault in the first degree, criminal mischief in the fourth degree, and stalking in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"[N]ot every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically" (*People v Brown*, 48 NY2d 388, 394 [1979]; see *People v Clark*, 81 NY2d 913, 914 [1993]; *People v Giarletta*, 72 AD3d 838, 839 [2010]; *People v Dombroff*, 44 AD3d 785, 787 [2007]; *People v Simon*, 224 AD2d 458 [1996]). "Because juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*People v Brown*, 48 NY2d at 394; see *People v Giarletta*, 72 AD3d at 839; *People v Dombroff*, 44 AD3d at 787; *People v Simon*, 224 AD2d at 458).

Here, after being alerted to comments made by a juror in the

jury room before any evidence had been presented, the trial court, with approval of the defense counsel and the prosecutor, properly carried out a complete individual inquiry of each juror and alternate to ascertain the nature and extent of the comments. The responses of the jurors and alternates established that they had not made any premature determination as to the guilt or innocence of the defendant, nor had they assigned any burden of proof to the defendant. The trial court was in the best position to assess the effect of the comments on the individual jurors, and its determination that a mistrial was not warranted will not be disturbed (*see People v Dombroff,* 44 AD3d at 787; *People v McDonald,* 40 AD3d 1125 [2007]; *People v Kennedy,* 11 AD3d 561 [2004]; *People v Simon,* 224 AD2d at 458).

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the first degree is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85 [1982]). Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.