Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered August 18, 2009, convicting him of robbery in the first degree, sodomy in the first degree, rape in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court erred in denying his motion pursuant to CPL 330.30 (2) is without merit. CPL 330.30 (2) provides that, after the rendition of a verdict of guilty but before the sentence is imposed, the court may, upon the defendant’s motion, set aside the verdict if “during the trial there occurred, out of the presence of the court, improper conduct by a juror, or improper conduct by another person in relation to a juror, which may have affected a substantial right of the defendant and which was not known to the defendant *1237 prior to the rendition of the verdict” (CPL 330.30 [2]). However, “[n]ot every misstep by a juror rises to the inherently prejudicial level at which reversal is automatically required” (People v Lemay, 69 AD3d 757, 758 [2010]; see People v Rodriguez, 100 NY2d 30, 35 [2003]; People v Brown, 48 NY2d 388, 394 [1979]). Here, the Supreme Court found that allegations of juror misconduct were established by a preponderance of the evidence. It concluded, however, that the misconduct did not affect a substantial right of the defendant, as it did not result in “the introduction of an outside influence into the deliberative process.” Contrary to the defendant’s contentions, the record supports the Supreme Court’s conclusion. Angiolillo, J.P, Lott, Roman and Miller, JJ., concur. [Prior Case History: 24 Misc 3d 1238(A), 2009 NY Slip Op 51800(U).]