Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J), rendered December 18, 2008, convicting him of criminal sexual act in the first degree, sexual abuse in the first degree (five counts), assault in the second degree (two counts), and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.
*879 Ordered that the judgment is modified, on the facts, by vacating the conviction of criminal sexual act in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant correctly contends that his conviction of criminal sexual act in the first degree is against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we essentially sit as the “thirteenth juror” and “decide[ ] which facts were proven at trial” (People v Danielson, 9 NY3d at 348; see People v Chase, 60 AD3d 1077, 1078 [2009]). Here, we take no issue with the credibility of the People’s witnesses, or the jury’s decision to credit the complainant’s version of events over that of the defendant. However, weight of the evidence review is not limited to issues of credibility (see People v Danielson, 9 NY3d at 350). Rather, “in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution’s witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt” (id. at 349).
A person is guilty of criminal sexual act in the first degree “when he or she engages in . . . anal sexual conduct with another person” by “forcible compulsion” (Penal Law § 130.50 [1]). While the statute is “silent on the subject, intent is implicitly an element” of this crime, and “the intent required is the intent to perform the prohibited act — i.e., the intent to forcibly compel another to engage in . . . [anal sexual conduct]” (People v Williams, 81 NY2d 303, 316-317 [1993]). In the present case, the complainant testified that the defendant ordered her to put his penis “on” or “in” her vagina, but that, for personal, religious reasons, the complainant decided instead to put the defendant’s penis on her anus. At that point, the defendant again ordered the complainant to put his penis “on” or “in” her vagina, and the complainant again touched the defendant’s penis to her anus. It was only when the defendant yelled that the complainant finally complied with the defendant’s demand, and put his penis on her vagina. Under these unusual circumstances, the People failed to prove beyond a reasonable doubt that the defendant intentionally engaged in anal sexual conduct with the complainant by forcible compulsion. Accordingly, the defendant’s conviction of criminal sexual act in the first degree must be vacated as against the weight of the evidence.
*880 Relative to the remaining convictions, the trial court improvidently exercised its discretion in admitting evidence of an uncharged crime (see People v Clarke, 90 AD3d 777 [2011]; People v Tucker, 102 AD2d 535, 537-538 [1984]). Nonetheless, the error was harmless as there was overwhelming evidence of the defendant’s guilt and no significant probability that the alleged error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The defendant’s contention that the prosecutor engaged in misconduct during cross-examination and that various remarks made by the prosecutor during the opening statement and the summation were improper and deprived him of a fair trial is, for the most part, unpreserved for appellate review (see CPL 470.05 [2]). In any event, while the challenged questioning during cross-examination and some of the prosecutor’s comments during her opening statement and summation were improper, they constituted harmless error, and did not deprive the defendant of a fair trial (see People v Crimmins, 36 NY2d at 241-242).
The defendant’s remaining contentions, including that raised in his pro se supplemental brief, either are without merit or need not be reached in light of our determination. Skelos, J.E, Leventhal, Hall and Lott, JJ., concur.