— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 24, 2011, convicting him of robbery in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
*764 The defendant contends that the verdict was against the weight of the evidence in light of certain alleged inconsistencies in the testimony of the People’s witnesses. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Kinard, 96 AD3d 976 [2012]; People v Parris, 70 AD3d 725, 727 [2010]).
The trial court improvidently exercised its discretion in admitting evidence of an uncharged crime (see People v Ross, 104 AD3d 878, 880 [2013]; People v Tucker, 102 AD2d 535, 537-538 [1984]). Nonetheless, the error was harmless, as there was overwhelming evidence of the defendant’s guilt and no significant probability that the error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Kirksey, 107 AD3d 825 [2013]; People v Ross, 104 AD3d 878, 880 [2013]). Skelos, J.P, Dickerson, Hall and Miller, JJ., concur.