In the Matter of STATE OF NEW YORK, Respondent, v WALTER R., Appellant. [987 NYS2d 104]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Walter R., a sex offender allegedly requiring civil management, Walter R. appeals from an order of the Supreme Court, Orange County (De Rosa, J.), dated March 2, 2012, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is reversed, on the law, without costs or disbursements, the finding of mental abnormality is set aside, and the matter is remitted to the Supreme Court, Orange County, for a new trial on the issue of mental abnormality, and, if necessary, a new dispositional hearing.

Prior to the appellant's release from prison, where he was incarcerated for, inter alia, sexual abuse in the first degree, the State of New York commenced the instant proceeding pursuant to Mental Hygiene Law article 10 seeking civil management of the appellant. Following a trial, a jury found that the appellant suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). Subsequently, the Supreme Court, after a dispositional hearing, determined that the appellant is a dangerous sex offender requiring civil confinement, and committed him to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

The appellant argues that the admission of the State's experts' testimony concerning unproven accusations was unreliable hearsay which violated his constitutional right to due process. We agree.

As recently held by the Court of Appeals in *Matter of State of New York v Floyd Y.* (22 NY3d 95, 109 [2013]), "[d]ue process requires any hearsay basis evidence to meet minimum requirements of reliability and relevance before it can be admitted at an article 10 proceeding. In article 10 trials, hearsay basis evidence is admissible if it satisfies two criteria. First, the proponent must demonstrate through evidence that the hearsay is reliable. Second, the court must determine that the 'probative value in helping the jury evaluate the [expert's] opinion substantially outweighs [its] prejudicial effect' (*cf.* Fed Rules Evid rule 703). These reliability and substantial relevance requirements provide a necessary counterweight to the deference juries may accord hearsay evidence simply because an expert has propounded it" (*Matter of State of New York v Floyd Y.*, 22 NY3d at 109; *see Matter of State of New York v Charada T.*, 23 NY3d 355 [2014]; *Matter of State of New York v John S.*, 23 NY3d 326 [2014]).

Here, both of the State's experts testified to the appellant's convictions, as well as unproven acts, which formed the basis of their opinion that the appellant suffered from a mental abnormality. The experts provided considerable hearsay testimony concerning these unproven acts, relying, inter alia, upon hearsay evidence within probation reports and other documents, and not personal knowledge. The State failed to demonstrate through other evidence that the aforementioned hearsay testimony was reliable (*see Matter of State of New York v Floyd Y.*, 22 NY3d at 109-110). As the State failed to establish that the hearsay was reliable, the Court need not determine whether

the probative value of such hearsay outweighed its prejudicial effect.

The admission of the unreliable hearsay was not harmless error. Given the cumulative impact of the significant, if not overwhelming, unreliable hearsay testimony, there is a reasonable possibility that the jury could have reached another verdict had it not heard such testimony, notwithstanding that the court provided a limiting instruction and that the appellant did not offer an expert witness in opposition (*see id.* at 110; *People v Crimmins*, 36 NY2d 230, 237 [1975]; *cf. Matter of State of New York v Charada T.*, 23 NY3d 355 [2014]; *Matter of State of New York v John S.*, 23 NY3d 326 [2014]; *People v Clarke*, 90 AD3d 777 [2011]). Accordingly, a new trial is required.

In light of our determination, we need not address the appellant's remaining contention. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.