■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MARSDEN, Appellant. [16 NYS3d 563]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered August 8, 2008, convicting him of murder in the second degree (two counts), burglary in the first degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (LaPera, J.), of the suppression of the defendant's statements to law enforcement officials. By decision and order dated October 18, 2011, this Court remitted the matter to the County Court, Nassau County, to hear and report on the defendant's motion pursuant to CPL 330.30 (2) to set aside the verdict based upon allegations of juror misconduct, and the ap-

peal was held in abeyance in the interim (*see People v Marsden*, 88 AD3d 909 [2011]). The County Court, Nassau County, has now filed its report.

Ordered that the judgment is modified, on the facts, by vacating the conviction of murder in the second degree under the first count of the indictment and the convictions of burglary in the first degree (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

In September 2006, the girlfriend of Peter Jones found him lying dead in his house. Based upon Jones' death and the circumstances surrounding his death, the defendant was convicted, after a jury trial, of two counts of murder in the second degree (felony murder), two counts of burglary in the first degree, two counts of attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the second and third degrees. One count of murder in the second degree (felony murder) was predicated upon his commission or attempted commission of burglary, and the other count of murder in the second degree (felony murder) was predicated upon his commission or attempted commission of robbery.

The defendant thereafter moved pursuant to CPL 330.30 (2) to set aside the verdict based upon allegations of juror misconduct. The defendant's motion was predicated, in part, upon an affidavit from juror number eight, which contained sworn allegations of outside influence prior to and during deliberations. That motion was denied without a hearing. In a prior decision and order, this Court remitted the matter to the County Court, Nassau County, to hear and report on the facts underlying the defendant's motion (*see People v Marsden*, 88 AD3d 909 [2011]). The County Court has now filed its report.

When determining a motion to set aside a verdict based upon juror misconduct, "the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*People v Brown*, 48 NY2d 388, 394 [1979]; *see People v Maragh*, 94 NY2d 569, 573-574 [2000]). "Absent a showing of prejudice to a substantial right, proof of juror misconduct does not entitle a defendant to a new trial" (*People v Lemay*, 69 AD3d 757, 758 [2010]; *see* CPL 330.30 [2]; *People v Davis*, 86 AD3d 59, 64 [2011]).

Here, at the hearing on remittal, juror number eight testified that another juror admitted to reading a news article during the trial which reported on events that occurred at the trial itself. Juror number eight further testified that she heard an-

other juror state, during deliberations, that the defendant had been "causing a lot of trouble in Queens" and had fought with "corrections officers" while in jail. There was no indication as to the manner in which the defendant was causing "trouble" in Queens, and no evidence as to how many jurors heard this information. Indeed, two other jurors who testified at the hearing indicated that they had not heard the information, which, moreover, did not relate to the facts of the present case or the defendant's guilt or innocence of the charged crimes. Under the circumstances, the defendant failed to demonstrate a likelihood of prejudice to a substantial right so as to warrant setting aside the verdict (*see* CPL 330.30 [2]; 330.40 [2] [g]; *People v Testa*, 61 NY2d 1008 [1984]; *People v Heidgen*, 87 AD3d 1016, 1027 [2011]; *People v Lemay*, 69 AD3d at 758; *People v McDonald*, 40 AD3d 1125 [2007]; *see also People v Sullivan*, 167 AD2d 564 [1990]; *cf. People v Giarletta*, 72 AD3d 838 [2010]; *People v Romano*, 8 AD3d 503, 504 [2004]). Accordingly, the County Court properly denied the defendant's motion to set aside the verdict.

Contrary to the defendant's contention, the County Court properly denied suppression of statements he made to law enforcement officials after he was advised of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). Considering the totality of the circumstances, the defendant's statements were voluntary (*see* CPL 60.45; *People v Casassa*, 49 NY2d 668, 673 [1980]; *People v Solorzano*, 94 AD3d 1153, 1154 [2012]; *People v Gega*, 74 AD3d 1229 [2010]). Further, the defendant's contention that his statements should have been suppressed because they were not recorded on video is without merit (*see People v Toppin*, 26 AD3d 398 [2006]; *see also People v Thomas*, 90 AD3d 1080 [2011]; *People v Cass*, 79 AD3d 768, 769 [2010], *affd* 18 NY3d 553 [2012]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we essentially sit as the "thirteenth juror" and "decide[ ] which facts were proven at trial" (*People v Danielson*, 9 NY3d at 348; *see People v Ross*, 104 AD3d 878, 879 [2013]). "[W]eight of the evidence review is not limited to issues of credibility" (*People v Ross*, 104 AD3d at 879; *see People v Danielson*, 9 NY3d at 350). "Rather, 'in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt' " (*People v Ross*, 104 AD3d at 879, quoting *People v Danielson*, 9 NY3d at 349).

Here, the People failed to prove beyond a reasonable doubt that the defendant committed burglary in the first degree and, concomitantly, failed to prove the defendant's guilt of murder in the second degree (felony murder) under the first count of the indictment, which was predicated upon his commission or attempted commission of burglary. To prove the defendant's guilt of burglary in the first degree, the People were required to prove, among other things, that the defendant "knowingly enter[ed] or remain[ed] unlawfully in a dwelling" (Penal Law § 140.30). "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]). "In general, a person is 'licensed or privileged' to enter private premises when he [or she] has obtained the consent of the owner or another whose relationship to the premises gives him [or her] authority to issue such consent" (*People v Graves*, 76 NY2d 16, 20 [1990]; *see People v Aveni*, 100 AD3d 228, 242 [2012]; *People v McCargo*, 226 AD2d 480 [1996]).

There was no evidence produced at trial as to how the defendant, who was acquainted with Jones, entered Jones' house. An investigating police detective testified that there was no evidence of forced entry into the house, and neither of two statements the defendant gave to the police, admitting that he was in Jones' house when Jones was killed, indicate that he entered the premises unlawfully. Under these circumstances, since the People failed to introduce any evidence as to how the defendant gained entry to Jones' house, they failed to prove that the defendant entered the house unlawfully. Accordingly, the defendant's convictions of burglary in the first degree and his conviction of murder in the second degree under the first count of the indictment must be vacated and those counts of the indictment dismissed.

Upon our review of the record, however, we are satisfied that the remaining convictions were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.