■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROD PLOWDEN, Appellant. [55 NYS3d 74]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered December 13, 2013, convicting him of murder in the second degree, robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, and a new trial is ordered.

Viewing the evidence in the light most favorable to the pros-

ecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of all charges of which he was convicted beyond a reasonable doubt. Contrary to the defendant's contention, the People produced corroborative evidence sufficient to connect the defendant to the commission of the offenses (*see People v Reome*, 15 NY3d 188, 195 [2010]; *People v Paige*, 134 AD3d 1048, 1051 [2015]; *People v Raysor*, 130 AD3d 1079, 1079 [2015]; *People v Cortez*, 81 AD3d 742, 742-743 [2011]; *see also People v Kimes*, 37 AD3d 1, 14 [2006]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of all counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, reversal is required because the Supreme Court improperly denied the defendant's post-verdict motion to set aside the verdict based upon juror misconduct. Pursuant to CPL 330.30 (2), at any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof, inter alia, upon the ground that "during the trial there occurred, out of the presence of the court, improper conduct by a juror, or improper conduct by another person in relation to a juror, which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (CPL 330.30 [2]). Upon a hearing, "the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 330.40 [2] [g]).

Here, a preponderance of the evidence adduced at the hearing conducted on the defendant's motion to set aside the verdict established that one of the jurors improperly shared the views of her husband, who was a retired assistant district attorney, by telling the other jurors that he told her that everything the prosecutors said was true, that law enforcement officers would not lie, that the accomplice could never have come up with such an extravagant story in such a limited amount of time, and that crime scene videos didn't show everything. Moreover, the evidence established that the juror's comments regarding

her husband's statements influenced one juror who testified at the hearing. Additionally, another juror testified that during deliberations she sent a text message to her uncle, a retired police officer, and asked him if a nine millimeter bullet could fit into a .40 caliber gun. Her uncle told her "no," and the following day she shared that information with the jury. Although the Supreme Court found, at the conclusion of the hearing, that juror misconduct had occurred during deliberations, it determined that in view of the nature of the outside information disseminated, the defendant had not been prejudiced.

When determining a motion to set aside a jury verdict based upon juror misconduct, "the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*People v Brown*, 48 NY2d 388, 394 [1979]; *see People v Maragh*, 94 NY2d 569, 573-574 [2000]). Contrary to the Supreme Court's determination, the material that was improperly placed before the jury in this case created a substantial risk of prejudice to the rights of the defendant (*see People v Giarletta*, 72 AD3d 838 [2010]; *People v Romano*, 8 AD3d 503 [2004]; *People v Cepeda*, 251 AD2d 343 [1998]; *People v Huntley*, 87 AD2d 488 [1982], *affd* 59 NY2d 868 [1983]; *see also Parker v Gladden*, 385 US 363 [1966]; *People v Maragh*, 94 NY2d 569 [2000]). Accordingly, under the circumstances presented, the court should have granted the defendant's motion to set aside the jury verdict. Consequently, the judgment must be reversed and a new trial ordered.

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.