People v Torres (2020 NY Slip Op 07231)





People v Torres


2020 NY Slip Op 07231


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-11608
 (Ind. No. 139/13)

[*1]The People of the State of New York, respondent,
v
Rosendo Torres, appellant.


Troy A. Smith, White Plains, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Autumn S. Hughes of counsel),
for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Tammy Robbins, J.), rendered December 11, 2014, convicting him of criminal sexual abuse in the first degree (five counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the Supreme Court erred in denying, after a hearing, the defendant's motion pursuant to CPL 330.30(2) to set aside the verdict based upon allegations of juror misconduct. "Generally, a jury verdict may not be impeached by proof of the tenor of its deliberations, but it may be upon a showing of improper influence" (People v Brown, 48 NY2d 388, 393; see People v Davis, 86 AD3d 59, 64-65). Improper influence embraces jury conduct which tends to put the jury in possession of evidence not introduced at trial (see People v Brown, 48 NY2d at 393). When determining a motion to set aside a verdict based upon juror misconduct, "the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (People v Brown, 48 NY2d 388, 394; see People v Maragh, 94 NY2d 569, 573-574). "Absent a showing of prejudice to a substantial right, proof of juror misconduct does not entitle a defendant to a new trial" (People v Lemay, 69 AD3d 757, 758; see CPL 330.30[2]; People v Davis, 86 AD3d at 64). Moreover, where a trial court's factual finding on a CPL 330.30 motion has support in the record, it should not be disturbed (see People v Ceresoli, 88 NY2d 925, 926).
Here, the defendant's contentions do not rise to the level of improper influence, but seek to impeach the verdict by delving into the tenor of the jury's deliberative process (see People v Anderson, 249 AD2d 405, 406). While jurors 3, 9, and 10 made off-hand references to their life experience in examining and weighing the evidence, they did not hold themselves out as experts on those matters (see People v Maragh, 94 NY2d 569, 574). Jurors are not expected to abandon their cognitive functions and to discourage them from "using their wisdom would remove an essential underpinning of the justification for our pride in the jury system" (People v Davis, 86 AD3d at 64).
Furthermore, any mention by juror 9 of sentencing was accompanied by her acknowledgment that the jury was not to consider the defendant's potential sentence in arriving at its verdict. To the extent juror 3 did not disclose during voir dire that certain of her relatives had once been subject to a family offense, she testified at the CPL 330.30 hearing that she "didn't really think about it at the time" as she had interpreted the question at voir dire as involving "someone being robbed or mugged" and that the family experience led her to believe, if anything, that the defendant was not guilty rather than guilty (see People v Clark, 81 NY2d 913, 913-914). Any remaining contentions of juror misconduct are without merit.
Based on the record and under the circumstances of this case, the defendant failed to demonstrate a likelihood of prejudice to a substantial right so as to warrant setting aside the verdict (see CPL 330.30[2]; 330.40[2][g]; People v Marsden, 130 AD3d 945, 946-947). As the Supreme Court's determination at the CPL 330.30 hearing is supported by the record, it should not be disturbed (see People v Caresoli, 88 NY2d at 926; People v Rivera, 31 AD3d 670, 671).
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court