People v Veliz (2023 NY Slip Op 06388)

People v Veliz

2023 NY Slip Op 06388

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-03038
 (Ind. No. 531/19)

[*1]The People of the State of New York, respondent,
v
Carlos Veliz, appellant.

Alan Katz, Garden City Park, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Michael J. Balch of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered April 1, 2022, convicting him of burglary in the first degree (four counts), burglary in the second degree, robbery in the first degree (six counts), and robbery in the second degree (five counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court erred in admitting into evidence a redacted recording of his statements to the police inasmuch as the statements were hearsay and did not qualify as an admission because they were exculpatory in nature. However, even assuming, arguendo, that the statements constituted hearsay, "[a] false exculpatory statement of the defendant may be admitted in evidence as part of the People's case in chief to demonstrate consciousness of guilt" (People v Koltun, 163 AD3d 720, 721; see People v Hendricks, 214 AD3d 1466, 1466). The defendant's contention that the court erred by failing to give a consciousness of guilt jury charge related to these statements is unpreserved for appellate review, as he failed to request such a jury charge (see CPL 470.05[2]; People v Palacios-Correa, 166 AD3d 657, 658), and we decline to reach this contention in the exercise of our interest of justice jurisdiction (see People v Luckey, 73 AD3d 568, 569).
The defendant contends that the Supreme Court erred in denying, after a hearing, his motion pursuant to CPL 330.30(2) to set aside the verdict based upon allegations of juror misconduct. "Generally, a jury verdict may not be impeached by proof of the tenor of its deliberations, but it may be upon a showing of improper influence" (People v Brown, 48 NY2d 388, 393; see People v Torres, 189 AD3d 898, 899; People v Davis, 86 AD3d 59, 64-65). Improper influence embraces jury conduct which tends to put the jury in possession of evidence not introduced at trial (see People v Brown, 48 NY2d at 393). When determining a motion to set aside a verdict based upon juror misconduct, "the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (id. at 394; see People v Maragh, 94 NY2d 569, 573-574). "Absent a showing of prejudice to a substantial right, proof of juror misconduct does not entitle a defendant to a new trial" (People v Lemay, 69 AD3d 757, 758; see CPL 330.30[2]; People v Davis, 86 AD3d at 64).
Here, contrary to the defendant's contention, juror number nine's testimony that juror number two insulted her and bullied her, which the Supreme Court credited, raises no question of outside influence but, instead, seeks to impeach the verdict by delving into the tenor of the jury (see People v Torres, 189 AD3d at 898; People v Karen, 17 AD3d 865, 867). Although the notes juror number two briefly used during deliberations were contrary to the court's instructions, the evidence adduced at the hearing established that these notes consisted only of evidence that had been presented at trial (see People v Schiliro, 179 AD2d 693, 694). Juror number nine also testified that she heard juror number two state that he had looked up the defendant and he was a "bad guy." However, there was no indication as to why the defendant was a "bad guy," and there was no evidence as to how many jurors heard this statement (see People v Marsden, 130 AD3d 945, 947). Further, juror number nine confirmed that this statement did not have any bearing on her decision, and juror number two testified that any research he conducted did not affect his view of the evidence or his verdict. Under the circumstances, the defendant failed to demonstrate a likelihood of prejudice to a substantial right so as to warrant setting aside the verdict (see CPL 330.30[2]; 330.40[2][g]; People v Marsden, 130 AD3d at 947; People v Lemay, 69 AD3d at 758).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court