People v Maraj (2024 NY Slip Op 03497)

People v Maraj

2024 NY Slip Op 03497

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-01663
 (Ind. No. 583/16)

[*1]The People of the State of New York, respondent,
v
Jelani Maraj, appellant.

Metcalf & Metcalf, P.C., New York, NY (Steven A. Metcalf II of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg, Hilda Mortensen, and Sarah S. Rabinowitz of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert A. McDonald, J.), rendered January 27, 2020, convicting him of predatory sexual assault against a child and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that he was deprived of his rights to due process and equal protection because he was prosecuted for predatory sexual assault against a child, a class A-II felony (Penal Law § 130.96), even though the same conduct also constituted the offense of course of sexual conduct against a child in the first degree, a class B felony (Penal Law § 130.75). This contention is without merit. "The law 'provides the prosecutor with broad discretion to decide what crimes to charge' and 'overlapping' criminal statutes [without more] do not violate the defendant's constitutional rights" (People v Greene, 57 AD3d 1004, 1005, quoting People v Eboli, 34 NY2d 281, 287; see People v Urbaez, 10 NY3d 773, 775; People v Eboli, 34 NY2d 281, 287; People v Lawrence, 81 AD3d 1326, 1326-1327).
Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in precluding evidence concerning the victim's alleged sexual history under the Rape Shield Law (see CPL 60.42). "A trial court's rape-shield ruling will be upheld unless it was an improvident exercise of the court's discretion, and deprived the defendant of his [or her] right of confrontation" (People v Tohom, 109 AD3d 253, 274). Here, the defendant's offer of proof as to whether the victim had engaged in sexual conduct with other individuals that might have explained certain physical injuries she sustained to her genital area was purely based upon rumor and speculation. This offer of proof was therefore insufficient to overcome the presumption that such evidence should be precluded pursuant to the Rape Shield Law (see id.; People v Wieners, 33 AD3d 637, 638).
Contrary to the defendant's additional contention, the County Court did not err in denying his motion pursuant to CPL 330.30(2) to set aside the verdict based upon juror misconduct. "Under CPL 330.30(2), a motion to set aside a verdict may be granted when it is shown that improper conduct by a juror 'may have affected a substantial right of the defendant'" (People v Clark, 81 NY2d 913, 914). "Generally, a jury verdict may not be impeached by proof of the tenor [*2]of its deliberations, but it may be upon a showing of improper influence" (People v Brown, 48 NY2d 388, 393; see People v Maragh, 94 NY2d 569, 573; People v Veliz, 222 AD3d 785, 786); that is, "where the jury has been improperly influenced by matters going beyond the scope of the trial evidence" (People v Lehrman, 155 AD2d 693, 694; see People v Brown, 48 NY2d at 393; People v Veliz, 222 AD3d at 786). However, "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically" (People v Brown, 48 NY2d at 394; see People v Clark, 81 NY2d at 914). "Each case must be examined on its unique facts to determine the nature of the misconduct and the likelihood that prejudice was engendered" (People v Clark, 81 NY2d at 914).
Here, in support of his motion to set aside the verdict, the defendant submitted, among other things, an affidavit from an alternate juror, who did not deliberate, averring that certain improper comments were made by the jurors prior to deliberations. The defendant also submitted an affirmation from defense counsel relating statements made to defense counsel by a courtroom observer who had spoken to some of the jurors after the trial and was allegedly told of certain juror misconduct. The County Court thereafter held a lengthy hearing on the motion, at which the testimony of the deliberating jurors was taken, and that testimony contradicted the averments and the hearing testimony of the alternate juror, as well as the hearing testimony of the courtroom observer. The deliberating jurors who testified denied that the improper comments were made and confirmed that their verdict was based upon the trial evidence and was not affected by outside influences. Under the circumstances, the court, crediting the testimony of the deliberating jurors, properly determined that the defendant failed to demonstrate a likelihood of prejudice to a substantial right so as to warrant setting aside the verdict (see People v Samandarov, 13 NY3d 433, 437-438; People v Veliz, 222 AD3d at 787; People v Murphy, 218 AD3d 795; People v Mack, 224 AD2d 448, 449; People v Lehrman, 155 AD2d at 694).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court