People v Lewis (2026 NY Slip Op 01532)

People v Lewis

2026 NY Slip Op 01532

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-04813
 (Ind. No. 232/20)

[*1]The People of the State of New York, respondent,
vDevon Lewis, also known as Gunna, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered June 9, 2021, convicting him of criminal sale of a controlled substance in the third degree (six counts) and criminal possession of a controlled substance in the third degree (six counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his motion pursuant to CPL 330.30(2) to set aside the verdict based upon juror misconduct. "'Under CPL 330.30(2), a motion to set aside a verdict may be granted when it is shown that improper conduct by a juror may have affected a substantial right of the defendant'" (People v Maraj, 228 AD3d 958, 959 [internal quotation marks omitted], quoting People v Clark, 81 NY2d 913, 914). Here, the court conducted a "probing and tactful inquiry" (People v Buford, 69 NY2d 290, 299) of the juror, whose credibility the court was in the best position to evaluate, and there was no indication of misconduct that prejudiced any of the defendant's substantial rights (see People v Veliz, 222 AD3d 785, 786; People v Santos, 199 AD3d 717; People v Lowe, 166 AD3d 901, 902). Moreover, the alleged misconduct was known to the defendant prior to the jury's deliberations and rendition of a verdict, yet he did not raise the issue until after the verdict was rendered (see CPL 330.30[2]; People v Lowe, 166 AD3d at 902; People v Owens, 191 AD2d 715, 716).
The defendant's contention that the County Court, by the sentence it imposed, improperly penalized him for exercising his right to a trial is unpreserved for appellate review (see People v Hurley, 75 NY2d 887, 888; People v Saravia, 239 AD3d 1002, 1003). In any event, the record reveals no evidence of retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Cowan, 243 AD3d 674, 676; People v Bradshaw, 229 AD3d 563, 564).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). The defendant's contention that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment is unpreserved for appellate review (see People v Trigueros-Hernandez, 243 AD3d 817, 818) and, in any event, without merit (see People v Zitrenbaum, 231 AD3d 1064, 1064).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court