■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN J. PIRILLO, Appellant. [911 NYS2d 272]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered October 7, 2009, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

After being charged in a four-count indictment, defendant moved to suppress physical evidence and to sever from each other the two counts charging burglary in the second degree. County Court denied those motions. Defendant then pleaded guilty to one count of burglary in the second degree in satisfaction of the indictment. The court imposed the agreed-upon prison sentence of five years, with five years of postrelease supervision. Defendant appeals.

County Court did not err in denying defendant's motion to

---

sever. The two burglary counts were joinable because they are defined by the same statutory provision (*see* CPL 200.20 [2] [c]). In such a situation, "the court, in the interest of justice and for good cause shown, may . . . , in its discretion, order that any such offenses be tried separately" (CPL 200.20 [3]). Defendant contended that there was substantially more proof on one of the burglaries and the jury would be unable to separately consider the proof (*see* CPL 200.20 [3] [a]). He also contended that he had a genuine need to testify regarding one burglary count to explain his presence in the neighborhood, but that he feared prejudice if he was forced to testify regarding the other burglary count (*see* CPL 200.20 [3] [b]). The court reasonably determined that a jury could easily separate the proof on the two burglary counts and that defendant's fear of testifying was unexplained and unsupported (*see People v Lakatosz*, 59 AD3d 813, 815 [2009], *lv denied* 12 NY3d 917 [2009]; *People v Young*, 48 AD3d 901, 904 [2008]). Thus, the court did not abuse its discretion in denying the severance motion.

County Court should have granted defendant's motion to suppress physical evidence. The court found that defendant abandoned jewelry and coins by tossing them on a stranger's lawn. The law creates a strong presumption against abandonment of property, with the People bearing the burden of proving a defendant's intentional relinquishment of possession (*see People v Lopez*, 266 AD2d 735, 737 [1999], *lv denied* 94 NY2d 922 [2000]). Defendant contends that he did not abandon the property, but he instead tossed those items into the bushes as a result of unlawful police conduct, requiring suppression. We agree with defendant.

According to the police officer's testimony at the suppression hearing, she responded to a call regarding a suspicious man. She saw defendant, who matched the description of the suspicious man, near the location of the complaint. At the time, the officer had no knowledge that defendant had committed any crimes, only that he had been reported as "suspicious." Defendant was running out of a school driveway, toward the police officer who was in her marked patrol car. She yelled for him to stop, but he turned onto the street and kept running. She then followed him in her car, trailing him by only the distance of half a house, when she saw him put his hand in his shirt and make a movement like he was throwing something onto the porch or lawn of a house on the corner. The officer parked her car at that corner and began a foot pursuit, but defendant stopped running after three or four houses, whereupon she handcuffed him and retrieved the stolen property from the yard of the house on the corner.

Based upon the complaint regarding a described suspicious individual, the officer could lawfully request information from defendant about his presence in the area (*see People v Hollman*, 79 NY2d 181, 190 [1992]; *People v Tillery*, 60 AD3d 1203, 1205 [2009], *lv denied* 12 NY3d 860 [2009]). The law did not require defendant to answer the inquiry or stop running (*see People v Moore*, 6 NY3d 496, 500 [2006]). Flight from police, alone, was insufficient to justify further police intrusion (*see People v Holmes*, 81 NY2d 1056, 1058 [1993]). A pursuit is justified if flight is coupled with additional conduct creating a "reasonable suspicion that a crime has been, is being, or is about to be committed" (*id.* at 1057-1058). Here, based upon the information that she had at the time, the officer could only make a request for information from defendant. His flight alone did not permit her to pursue him. While the officer could have followed defendant to keep him under observation (*see People v May*, 81 NY2d 725, 728 [1992]), her testimony was more consistent with her immediately pursuing defendant in her vehicle than merely observing him. Only after the unlawful pursuit commenced did defendant discard the stolen property. At that point, however, he was not acting spontaneously or making a conscious and independent decision to abandon the property, but, rather, he discarded the property in response to the illegal pursuit (*see People v McCullough*, 31 AD3d 812, 813-814 [2006], *lv denied* 7 NY3d 850 [2006]). Hence, that physical evidence was tainted by the improper police conduct and should have been suppressed (*see People v May*, 81 NY2d at 728).

In light of our reversal, we need not address defendant's argument that his plea was not knowing or voluntary due to the ineffective assistance of counsel.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, defendant's suppression motion granted, counts three and four of the indictment charging tampering with physical evidence and criminal possession of stolen property in the fifth degree dismissed, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.