■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENZEL CRAWFORD, Appellant. [931 NYS2d 313]—

At the suppression hearing, a police officer testified that he and his two partners were patrolling in an unmarked car at night, when they observed defendant, who was walking on the street, adjust something in his right pants pocket by cupping his hand over the outside of the pocket and pulling upward. Defendant repeated this movement three or four times. The officer further testified that the object in defendant's pocket created a bulge and looked heavy.

The officers pulled their car up next to defendant, identified themselves as the police, and asked if they could talk to him. Defendant complied and approached the car, with both hands in his pants pockets. When one officer asked defendant to take his hands out of his pockets, he obeyed and produced identification. During this exchange, the testifying officer observed the bulge in defendant's pocket more closely; it appeared to be made by a

hard, five- or six-inch-long, oblong-shaped object, which the officer could not identify.

The officer who was driving asked defendant where he was headed, and defendant replied that he had come from the subway and was walking towards an apartment building. The officer then told defendant to back away from the car door, and after defendant complied, the officer opened the door and stepped out. Defendant then fled. Two of the officers chased defendant on foot at a distance of no more than 10 feet, while the third drove the car to cut defendant off. While pursuing defendant, the testifying officer saw him throw a gun onto the street. Shortly thereafter, the officers apprehended defendant and retrieved the weapon.

The officers lacked valid grounds for seizing defendant. In evaluating the propriety of a police intrusion, we must consider whether it was justified at its inception and whether it was reasonably related in scope to the circumstances leading to the encounter (*People v De Bour*, 40 NY2d 210, 215 [1976]; *People v Cantor*, 36 NY2d 106, 111 [1975]). In *De Bour*, the Court of Appeals set forth a four-level test for evaluating street encounters that the police initiate. The first three levels are relevant: level one permits a police officer to request information from an individual and merely requires that the request be made for an objective, credible reason, which need not be an indication of criminality; level two—the common-law right of inquiry—permits a somewhat greater intrusion, short of a forcible seizure, and requires a founded suspicion that criminal activity is afoot; and level three, authorizing an officer to forcibly stop and detain an individual, requires a reasonable suspicion that the individual was involved in a crime (40 NY2d at 223; *see also People v Hollman*, 79 NY2d 181, 184-185 [1992]).

Here, based on the object in defendant's pocket, the officers may have had an objective, credible reason to request information from defendant (*see De Bour*, 40 NY2d at 223) and to ask him to remove his hands from his pockets as a precautionary measure (*see Matter of Anthony S.*, 181 AD2d 682, 682-683 [1992], *lv denied* 80 NY2d 753 [1992]). But the officers were not justified in forcibly seizing defendant by chasing after and apprehending him. Defendant's flight, when accompanied by nothing more than the presence of an object in his pocket that was unidentifiable even at close range, did not raise a reasonable suspicion that he had a gun or otherwise was involved in a crime (*see People v Holmes*, 81 NY2d 1056, 1057-1058 [1993]; *People v Prochilo*, 41 NY2d 759, 763 [1977]; *People v Reyes*, 69 AD3d 523, 525-526 [2010], *appeal dismissed* 15 NY3d 863 [2010]).

Because defendant threw away the gun while the officers were in hot pursuit, the physical evidence was tainted by the improper police action and should have been suppressed (*see People v Holmes*, 181 AD2d 27, 31-32 [1992], *affd* 81 NY2d 1056 [1993]). Contrary to the People's argument, defendant did not make a conscious and independent decision to abandon the gun, but instead discarded it in direct response to the pursuit (*see People v Pirillo*, 78 AD3d 1424, 1426 [2010]). Concur—Tom, J.P., Catterson, Renwick, Freedman and Manzanet-Daniels, JJ.