[9 NE3d 902, 986 NYS2d 407]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD JOHNSON, Appellant.

Argued February 13, 2014; decided April 1, 2014

### APPEARANCES OF COUNSEL

*Kramer Levin Naftalis & Frankel LLP,* New York City (*Stephen M. Sinaiko, Scott Ruskay-Kidd, Megan Ryan* and *Nicole Foley* of counsel), and *Steven Banks, The Legal Aid Society* (*Andrew C. Fine* of counsel) for appellant.

*Cyrus R. Vance, Jr., District Attorney,* New York City (*Vincent Rivellese* and *Frank Glaser* of counsel), for respondent.

*Greenberg Traurig, LLP,* New York City (*William C. Silverman* of counsel), *Richard D. Willstatter,* White Plains, and *Marc Fernich,* New York City, for the National Association of Criminal Defense Lawyers and another, amici curiae.

*New York Civil Liberties Union Foundation,* New York City (*Daniel Mullkoff, Alexis Karteron, Corey Stoughton* and *Christopher Dunn* of counsel), for New York Civil Liberties Union, amicus curiae.

*Sharon L. McCarthy,* New York City (*K. Babe Howell* and *Diane Ferrone* of counsel), for New York City Bar Association, amicus curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, defendant's motion to suppress granted and the indictment dismissed.

Defendant was arrested for disorderly conduct, searched, and found to be in possession of cocaine. We conclude that he was entitled to suppression of the cocaine because the arrest that was the predicate for the search was made without probable cause.

The applicable statute is Penal Law § 240.20 (6), which says:

"A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: . . .

"6. He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse."

We have made clear that evidence of actual or threatened public harm ("inconvenience, annoyance or alarm") is a necessary element of a valid disorderly conduct charge (*People v Baker*, 20 NY3d 354 [2013]; *People v Weaver*, 16 NY3d 123 [2011]). Here, the evidence was insufficient to provide the arresting officer with probable cause to believe that defendant either intended to cause public inconvenience, annoyance or alarm or was reckless in creating a risk of those consequences.

According to the officer's testimony at the suppression hearing, defendant stood with three other young men, reputed to be gang members, on a street corner, and the four refused to move when asked to do so by the police. The only evidence of any possible impact on the public resulting from their presence was the officer's testimony that one of defendant's companions "was partially blocking" the entrance to a store by standing in front of it. Defendant and the other two men were close to the door, but not in front of it. There is no evidence that anyone trying to enter or leave the store was actually obstructed. This was not sufficient to satisfy the public harm element of the statute.

It is understandable that police officers become concerned when people they believe to be gang members and their associates gather in public. It is not disorderly conduct, however, for a small group of people, even people of bad reputation, to stand peaceably on a street corner.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed, defendant's motion to suppress granted and the indictment dismissed, in a memorandum.