# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**949**

**KA 10-00695**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JOHN C. HOWARD, ALSO KNOWN AS JOHN HOWARD, JR.,
DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered July 16, 2009. The judgment convicted defendant, upon a jury verdict, of resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of resisting arrest (Penal Law § 205.30), defendant contends that the verdict is against the weight of the evidence. We agree. The conviction arose from an incident in which defendant was arrested for disorderly conduct because he was standing on a sidewalk, and he was convicted of resisting that arrest.

"[B]ased on all the credible evidence[, we conclude that] a different finding would not have been unreasonable," and we therefore conduct an independent review of the trial evidence (*People v Bleakley*, 69 NY2d 490, 495). "The Court of Appeals has recently reiterated that, in reviewing the weight of the evidence, we must 'affirmatively review the record; independently assess all of the proof; substitute [our] own credibility determinations for those made by the jury in an appropriate case; determine whether the verdict was factually correct; and acquit a defendant if [we are] not convinced that the jury was justified in finding that guilt was proven beyond a reasonable doubt' " (*People v Oberlander*, 94 AD3d 1459, 1459, quoting *People v Delamota*, 18 NY3d 107, 116-117). After conducting that review, we conclude that the verdict is contrary to the weight of the evidence.

As the People correctly concede, the evidence fails to establish beyond a reasonable doubt that the arrest of defendant for disorderly conduct was authorized.  The Court of Appeals has "made clear that evidence of actual or threatened public harm ('inconvenience, annoyance or alarm') is a necessary element of a valid disorderly conduct charge" (*People v Johnson*, 22 NY3d 1162, 1164; *cf. People v Weaver*, 16 NY3d 123, 127-129), and there is no evidence of such actual or threatened harm here.  Inasmuch as it "is not disorderly conduct . . . for a small group of people, even people of bad reputation, to stand peaceably on a street corner" (*Johnson*, 22 NY3d at 1164), the arrest of defendant for engaging in that conduct was not authorized. "There being no probable cause that authorized defendant's arrest, [he] cannot be guilty of resisting arrest" (*People v Peacock*, 68 NY2d 675, 677; *see People v Stevenson*, 31 NY2d 108, 111; *see generally People v Finch*, 23 NY3d 408, 416-417).  Thus, we conclude that the jury "failed to give the evidence the weight it should be accorded" (*Bleakley*, 69 NY2d at 495).

Because we conclude that the verdict is against the weight of the evidence, we reverse the judgment and dismiss the indictment (*see Delamota*, 18 NY3d at 117-118).  In light of our determination, we need not address defendant's remaining contentions.

Entered:  October 2, 2015                           Frances E. Cafarell
                                                    Clerk of the Court