The People of the State of New York, Respondent, 
against
David Ortiz, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered June 23, 2014, after a nonjury trial, convicting him, of attempted criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered June 23, 2014, reversed, on the law and the facts, motion to suppress granted and the accusatory instrument dismissed. 
The evidence presented at the suppression hearing established that, at about 11:00 p.m. on March 17, 2014, Police Officer Stephen Frappier and two other officers were in an unmarked vehicle on anti-crime patrol, proceeding westbound on Rivington Street. Officer Frappier initially observed defendant running eastbound on the sidewalk at a fast pace and then across the street mid-block. As a result, one or two vehicles had to slow down, although no vehicles had to stop. The officers got out of their vehicle, intending to issue defendant a summons for disorderly conduct. However, as he approached defendant, Officer Frappier saw defendant clutching something on his left waistband or pocket, holding it tightly. Believing that defendant had a weapon, the officer drew his pistol and ordered defendant to put his hands in the air. Defendant complied. Defendant was placed in handcuffs and the officer frisked the area where he believed the weapon to be. A gravity knife was discovered in defendant's pocket. Defendant was arrested and a search of his person incident to the arrest produced five clear ziplock bags of cocaine.
Pursuant to CPL 140.10(1)(a), a police officer may pursue an individual to arrest or issue a summons when the officer has reasonable cause to believe that an offense was committed in the officer's presence. "Reasonable cause" as used in CPL 140.10 is the equivalent of probable cause (see People v Bothwell, 261 AD2d 232, 234 [1999], lv denied 93 NY2d 1026 [1999]). In determining whether probable cause exists to arrest a person for disorderly conduct, the circumstances must indicate that the arresting officer was justified in concluding that the defendant was intentionally or recklessly creating a substantial risk that public inconvenience, annoyance or alarm would occur (see People v Johnson, 22 NY3d 1162 [2014]; People v Delhall, 131 AD2d 870 [1987]). This requirement stems from the mens rea component, which requires proof of an intent to threaten public safety, peace or order, or the reckless creation of such a risk (see People v Baker, 20 NY3d 354, 359 [2013]; People v Weaver, 16 NY3d 123, 128 [2011]). 
We conclude, from a review of the record, that the evidence was insufficient to provide the arresting officer with probable cause to believe that defendant was obstructing vehicular traffic and that he intended to breach the peace or that such conduct posed a substantial risk of a breach of the peace. Indeed, there was no evidence indicating that defendant caused anything more than a momentary inconvenience to the one or two vehicles that had to slow down a "little bit" as he ran across the street. This was not sufficient to satisfy the public harm element of the statute (see People v Johnson, 22 NY3d at 1164; cf. People v Moye, 90 AD3d 472 [2011], lv denied 18 NY3d 926 [2012] [probable cause to arrest for Penal Law § 240.20[5] found when defendant ran from police, zigzagging between sidewalk and street and interfering with traffic]).
Since the officer did not have probable cause to believe that defendant committed a violation in his presence, he was not entitled to pursue defendant in order to arrest him or issue a summons for disorderly conduct (cf. People v Basono, 122 AD3d 553 [2014], lv denied 25 NY3d 1069 [2015]).
Nor did the police otherwise have a reasonable suspicion that defendant was involved in a felony or misdemeanor so as to authorize a forcible stop and detention (see CPL 140.50[1]; People v De Bour, 40 NY2d 210, 223 [1976]). Defendant's act of running down the sidewalk and then across the street, while clutching something on his waist that was unidentifiable to police, did not establish reasonable suspicion that he had a gun or was otherwise involved in a crime (see Matter of Jaquan M., 97 AD3d 403 [2012], appeal dismissed 19 NY3d 1041 [2012] [the mere fact that an officer sees a person holding something near his waistband is not enough to form a reasonable suspicion, absent any indication of a weapon, such as the visible outline of a gun]; People v Crawford, 89 AD3d 422, 423 [2011] [defendant's flight, when accompanied by nothing more than the presence of an object in his pocket that was unidentifiable even at close range, did not raise a reasonable suspicion that he had a gun or otherwise was involved in a crime]; People v Reyes, 69 AD3d 523, 525-526 [2010], appeal dismissed 15 NY3d 863 [2010] [flight alone or in conjunction with equivocal circumstances that might permit a request for information is insufficient to justify pursuit]; People v Barreto, 161 AD2d 305 [1990], appeal denied 76 NY2d 852 [1990][there was no radio run, no anonymous tip, nor can defendant's acts of placing his hands on his sides and crossing the street be considered furtive gestures]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: April 05, 2019