People v Edwards (2020 NY Slip Op 06920)





People v Edwards


2020 NY Slip Op 06920


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1077 KA 18-00303

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY EDWARDS, DEFENDANT-APPELLANT. 






THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 5, 2017. The judgment convicted defendant, upon a jury verdict, of resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of resisting arrest (Penal Law § 205.30), defendant contends that the evidence is legally insufficient to support the conviction. We reject that contention.
"A person is guilty of resisting arrest when he [or she] intentionally prevents or attempts to prevent a police officer . . . from effecting an authorized arrest of himself [or herself] or another person" (id.). "An arrest is 'authorized' if, but only if, it 'was premised on probable cause' " (People v Finch, 23 NY3d 408, 416 [2014], quoting People v Jensen, 86 NY2d 248, 253 [1995]). "When determining whether the police had probable cause to arrest, the 'inquiry is not as to defendant's guilt but as to the sufficiency for arrest purposes of the grounds for the arresting officer's belief that [the defendant] was guilty' " (People v Shulman, 6 NY3d 1, 25-26 [2005], cert denied 547 US 1043 [2006]). Here, contrary to defendant's contention, the evidence is legally sufficient to establish that the arrest of defendant was based on probable cause and thus was authorized (cf. People v Howard, 132 AD3d 1266, 1267-1268 [4th Dept 2015]). Contrary to defendant's further contention that the evidence was legally insufficient with respect to defendant's intent to resist arrest, we conclude that "the jury could have rationally inferred that defendant intended to" prevent the officers from effecting an arrest (People v Barboni, 21 NY3d 393, 405 [2013]). Consequently, the verdict is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). With respect to defendant's challenges to the credibility of the witnesses' testimony, " 'the jury was in the best position to assess the credibility of the witness[es] and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (People v McCall, 177 AD3d 1395, 1396 [4th Dept 2019], lv denied 34 NY3d 1130 [2020]).
We reject defendant's further contention that Supreme Court erred in denying his motion to set aside the verdict based on juror misconduct. It is well settled that "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically" (People v Brown, 48 NY2d 388, 394 [1979]; see People v Bell, 307 AD2d 1047, 1047-1049 [2d Dept 2003], lv denied 1 NY3d 568 [2003]). "A motion to set aside a verdict under CPL 330.30 (2) may be granted where it is shown that improper conduct by a juror prejudiced a substantial right of the defendant" (People v Gonzales, 228 AD2d 722, 722 [3d Dept 1996], lv denied 88 NY2d [*2]1021 [1996]; see People v Irizarry, 83 NY2d 557, 561 [1994]). Upon our review of the evidence from the hearing, however, we conclude that the record supports the court's conclusion that the actions of the jurors at issue had no impact on the jury's determinations and thus did not prejudice a substantial right of defendant (see People v Tubbs, 115 AD3d 1009, 1012-1013 [3d Dept 2014]; People v Carmichael, 68 AD3d 1704, 1705-1706 [4th Dept 2009], lv denied 14 NY3d 798 [2010]). We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court