People v Hubbard (2022 NY Slip Op 00017)





People v Hubbard


2022 NY Slip Op 00017


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Ind. No. 1275/16 Appeal No. 14990 Case No. 2019-5568 

[*1]The People of the State of New York, Respondent,
v
Vernon Hubbard, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered April 30, 2019, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony violent offender, to a term of 21 years, unanimously affirmed.
The court properly denied defendant's CPL 330.30(2) motion to set aside the verdict on the ground of juror misconduct (see generally People v Maragh, 94 NY2d 569, 574 [2000] ["The trial court is invested with discretion and posttrial fact-finding powers to ascertain and determine whether the activity during deliberations constituted misconduct and whether the verdict should be set aside and a new trial ordered."]). The record supports the court's findings, made after an evidentiary hearing, that a juror did nothing at home or in the jury room that would constitute "improper conduct" within the meaning of CPL 330.30(2). There is no basis for disturbing the hearing court's credibility determinations.
The juror in question testified that while cutting meat at home, he remembered the testimony he had heard about how the homicide victim was stabbed in the neck. We find no support in the record for the contention that the juror conducted an experiment at home, and none of the jurors who testified at the hearing indicated that the juror discussed the meat-cutting incident with the other jurors.
In the jury room during deliberations, the juror at issue used a piece of cardboard to simulate a knife and briefly made a stabbing motion in an effort to demonstrate or reenact the crime at issue. Based on the evidence adduced at the hearing, this conduct likewise did not constitute "improper conduct" within the meaning of CPL 330.30(2). "It is well recognized that jurors may conduct a jury room crime reenactment or demonstration provided it involves no more that the jurors' application of everyday experiences, perceptions and common sense to the evidence" (People v Kelly, 11 AD3d 133, 146 [1st Dept 2004] [internal quotation marks omitted], affd 5 NY3d 116 [2005]; see also People v Maragh, 94 NY2d at 574). In light of the trial evidence and the nature of the demonstration, the juror did not become an unsworn witness, or introduce new facts into the deliberations (see People v Brown, 48 NY2d 388, 394 [1979]). Furthermore, the juror did not claim any expertise or convey an expert opinion (see People v Torres, 189 AD3d 898, 899 [2d Dept 2020]). Given the location, simplicity, and brief duration of the demonstration (see People v Gomez, 273 AD2d 160 [1st Dept 2000], lv denied 95 NY2d 890 [2000]; People v Cortez, 172 AD2d 766 [2d Dept 1991], affd 80 NY2d 855 [1992]; People v Horney, 112 AD2d 841 [1st Dept 1985], lv denied 66 NY2d 615 [1985]), as well as the hearing testimony of the jurors who testified that the demonstration had no effect on their deliberations (see People v Edwards, 188 AD3d 1763, 1764-1765 [4th Dept 2020], lv denied 37 NY3d 955 [2021]; People v Maragh, 94 NY2d at 575), the [*2]demonstration did not prejudice a substantial right of defendant (see CPL 330.30[2]; People v Clark, 81 NY2d 913, 914 [1993]).
Ultimately, defendant did not meet his burden of proof on his CPL 330.30(2) motion (see CPL 330.40[2][g]), and the motion court properly denied the motion.
We have considered and rejected defendant's constitutional claims.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022